

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 20, 1993

Honorable William R. Ratliff
Chair
Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-278

Re: Whether the Dallas County Schools, a county school administration operating under chapters 17 and 18 of the Education Code, is a "school district" within the meaning of Education Code section 21.939, which places restrictions on lobby-related activities by school districts (RQ-610)

Dear Senator Ratliff:

You ask whether Education Code section 21.939, added in 1993 by Senate Bill 7, which generally restricts "a school district's" employment of persons to engage in lobbying and related activities, applies to a "county school administration," the Dallas County Schools. Acts 1993, 73d Leg., ch. 347, § 3.05. Section 21.939 reads in part:

> (a) A school district may not employ a person who is required to register under Chapter 305, Government Code, by virtue of the person's activities on behalf of the school district.

> (b) A school district may not employ a person whose primary duties are activities related to proposed legislation or administrative action, including supplying information to members of the legislative or executive branch, obtaining information from members of the legislative or executive branch, monitoring the progress of proposed legislation or administrative action, or acting as an advocate or proponent of proposed legislation or administrative action.

Chapter 305 of the Government Code generally requires persons who spend or are compensated in certain amounts "to communicate directly with one or more members of the legislative or executive branch to influence legislation or administrative action" to register with the Texas Ethics Commission. The registration requirement also applies to a person who "as part of his regular employment" makes such communications, even if he receives no compensation for such communications apart from his regular salary. Gov't Code §§ 305.002, 305.003.[1]

---

[1]We note that the last sentence of section 305.003(b) appears to exempt "an officer or employee of a political subdivision" from the registration requirements for persons compensated to make the communications in question. We do not understand you to ask about, and we do not address here, how this provision interacts with the prohibition set out in new Education Code section 21.939. *See also* Gov't

County school administrations, the statutory basis for which is found in chapters 17 and 18 of the Education Code, are discrete political entities which are to a large extent vestiges of earlier times when counties and then these distinct county school administrations had a greater role in public education. *See, e.g.*, Acts 1915, 34th Leg., ch. 36, at 68 (permanent management and control of all public schools in a county placed under general management and control of county school trustees); Educ. Code § 17.21 ("body corporate"). These entities once played central roles in school operations including the creation, alteration, and abolishment of school districts within the county as well as staffing. The phasing out of county administration has been actively underway since 1978, when state funding for them was discontinued unless there remained common or rural (*i.e.*, non-independent) school districts in the county. County administrations may now be funded through imposition of a "school equalization tax" under the "county unit system, as provided for in chapter 18 of the code, or voluntary contracts with independent school districts in the county. Educ. Code §§ 17.94, 17.98. *See generally* 36 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 30 (Texas Practice 1989); Attorney General Opinions H-1205, H-1136 (1978). Senate Bill 7, which adopted the provisions of Education Code section 21.939 at issue here also *inter alia* repeals chapters 17 and 18 of that code effective September 1, 1995. It is our understanding that currently "county administrations" in connection with the public school system exist in only a small minority of Texas counties.

We understand that the Dallas County School administration, the subject of your request, primarily engages in providing certain library services and in providing transportation for students pursuant to agreements with the school districts in Dallas County. We understand further that it operates under the "county unit system" as provided for in chapter 18 of the Education Code. Section 18.01 of the code specifically characterizes such a county administration as *"a countywide school district* which may exercise in and for the entire territory of the county the taxing power conferred on school districts by Article VII, Section 3 of the Texas Constitution." (Emphasis added.) *See also* Educ. Code § 18.05 (referring to adoption of chapter 18 county-unit system as creating a "countywide school equalization district").

Finding a county administration not to be a "school district" within the meaning of the provisions of new section 21.939 at issue here would, we think, allow circumvention of the intent of that provision in those counties which happen to retain county administrations. Although they are discrete political entities, county administrations in their functions are clearly wholly ancillary to the "school districts" of the county, in the ordinary sense of that term, which provide funding for county administrations, and with whose interests county administrations are necessarily closely aligned. Particularly in view of the specific references in the education code to chapter 18 county administrations such

---

(footnote continued)

Code § 305.026 (requiring filing of disclosure statement where "political subdivision" uses public funds for lobby activities, with exceptions); 1 T.A.C. § 40.1 *et seq*. (Texas Ethics Commission rules relating to registration and regulation of lobbyists).

as the Dallas County Schools as "school districts," we conclude that the Dallas County schools should be deemed a school district within the meaning of section 21.939 and thus subject to those provisions' restrictions on lobby-related activities by school districts.[2]

## S U M M A R Y

The Dallas County Schools, a county school administration operating under chapters 17 and 18 of the Education Code, is a "school district" within the meaning of Education Code section 21.939, which places restrictions on lobby-related activities by school districts.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General

---

[2]You do not ask about, and we do not here address, the applicability of any other provisions directed at "school districts" to county school administrations such as the Dallas County schools.